[Cite as *Columbia Gas of Ohio, Inc. v. Lucas Cty. Sanit. Engineers*, 2017-Ohio-4108.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Columbia Gas of Ohio, Inc.                    Court of Appeals No. L-15-1322

    Appellee                              Trial Court No. CVE1301348

v.

Lucas County Sanitary Engineers            **DECISION AND JUDGMENT**

    Appellant                             Decided:  June 2, 2017

* * * * *

Amanda Rasbach Yurechko, for appellee.

Julia R. Bates, Lucas County Prosecuting Attorney, John A.
Borell and Elaine B. Szuch, Assistant Prosecuting Attorneys,
for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from the judgment of the Sylvania Municipal Court.

Appellant, Lucas County Sanitary Engineers, argues that the trial court erred when it

determined that summary judgment was not appropriate in regards to appellant's claim of

governmental immunity.  For the reasons that follow, we affirm.

## I.  Facts and Procedural Background

**{¶ 2}** On October 21, 2013, appellee, Columbia Gas of Ohio, Inc., filed a complaint against appellant to recover damages it sustained when one of appellant's employees punctured a gas line while responding to a suspected water main leak.

**{¶ 3}** On September 8, 2015, appellant moved for summary judgment, arguing that it was entitled to statutory immunity under R.C. Chapter 2744.  Appellee responded, arguing that a genuine issue of material fact existed regarding whether the worker who responded to the water main leak was negligent, thereby defeating appellant's claim of immunity.  On November 18, 2015, the trial court entered its decision, in which it agreed with appellee that a genuine issue of material fact existed regarding whether the worker was negligent.  Thus, the trial court denied appellant's motion for summary judgment.

## II.  Assignment of Error

**{¶ 4}** Appellant has timely appealed the trial court's November 18, 2015 judgment entry.[1]  Notably, appellant has not identified any assignments of error in its merit brief.[2]

---

[1] We note that ordinarily, a decision denying a party's motion for summary judgment is not a final, appealable order.  However, R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

[2] Appellant also failed to assert any assignments of error in an earlier appeal.  In *Columbia Gas of Ohio, Inc. v. Lucas Cty. Sanit. Engineers*, 6th Dist. Lucas No. L-14-1058, 2015-Ohio-702, we affirmed the trial court's denial of appellant's motion for judgment on the pleadings.

2.

However, based on appellant's arguments, we recognize that appellant is arguing that the trial court erred in denying its motion for summary judgment.

### III. Analysis

{¶ 5} We review the grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 6} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). In doing so, the moving party must point to some evidence in the record in the form of "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C); *Dresher* at 292-293. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Dresher* at 293.

3.

**{¶ 7}** The issue before us centers on whether appellant is entitled to immunity under R.C. Chapter 2744, which is governed by a three-step analysis. *Elston v. Howland Local Schools*, 113 Ohio St. 3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 10. First, R.C. 2744.02(A)(1) provides a general grant of immunity to political subdivisions. Second, R.C. 2744.02(B) provides exceptions to that immunity. Finally, immunity may be reinstated if a political subdivision can establish one of the defenses to liability listed in R.C. 2744.03.

**{¶ 8}** Here, we must address whether appellant's conduct falls within one of the exceptions to immunity under R.C. 2744.02(B). Specifically, we must determine if R.C. 2744.02(B)(2) applies, which provides that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.01(G)(2)(c) defines a proprietary function to include, "The establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, and a municipal corporation water supply system." The record is clear that the damage to appellee's gas line occurred while appellant's workers were engaged in the proprietary function of repairing a leak in the water supply system. Therefore, the discreet issue we must resolve is whether a genuine issue of material fact exists concerning whether appellant's employees were negligent in their performance.

4.

**{¶ 9}** "To establish actionable negligence, one must show in addition to the existence of a duty, a breach of that duty and injury resulting proximately therefrom." *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). Regarding the duty prong, there is a positive, nondelegable duty imposed on one excavating below ground to inform himself or herself as to whether utilities are present. *GTE N., Inc. v. Carr*, 84 Ohio App.3d 776, 779, 618 N.E.2d 249 (4th Dist.1993); *Ohio Gas Co. v. Blaze Bldg. Corp.*, 6th Dist. Williams No. WM-03-019, 2004-Ohio-2881, ¶ 11.

**{¶ 10}** In support of its motion for summary judgment, appellant relied on the deposition testimony of David Vincent, the leader of the crew that responded to the call of a water main break. Vincent testified that he received the call around 4:30 p.m. on December 30, 2012, informing him of a water main break at 5424 Homeland Road, in Washington Township, Ohio. Upon arriving at the scene, Vincent observed a three-foot hole where water was coming up from. Vincent called the Ohio Utilities Protection Service ("OUPS"), and submitted an emergency request. Vincent testified that he was present when the OUPS locator arrived and flagged the area. Vincent then began looking for the waterline shutoff. During his search, he punctured appellee's gas line with his probe. Vincent testified that the puncture occurred approximately six feet from where the gas line was marked. Based on this evidence, appellant argued that Vincent was not negligent in informing himself of the location of underground utilities, that he took all necessary precautions, and that the damage to appellee's gas line occurred as a result of the OUPS locator incorrectly marking the area.

5.

{¶ 11} In its response to appellant's motion for summary judgment, appellee attached the affidavit of Sue Chislow, the authorized representative of appellee and the custodian of appellee's business records. Chislow stated that the damage to the gas line occurred not at 5424 Homeland Road, but rather at the adjacent property located at 5442 Homeland Road. Further, Chislow stated that she conducted a search of appellee's records, and found that no OUPS request was made for 5442 Homeland Road. Thus, appellee argued that appellant's employees were negligent in failing to determine the location of underground utilities prior to performing work at 5442 Homeland Road.

{¶ 12} Upon our review of the record, and viewing the evidence in the light most favorable to the non-moving party, we agree with the trial court that genuine issues of material fact remain regarding whether appellant's employees were negligent. In particular, there is conflicting evidence on the precise location of where the damage occurred, and whether the OUPS locator was correctly informed of the locations where work would be performed. Therefore, we hold that the trial court did not err when it denied appellant's motion for summary judgment.

{¶ 13} Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 14} For the foregoing reasons, the judgment of the Sylvania Municipal Court is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                          _____
                                                                JUDGE

Thomas J. Osowik, J.

James D. Jensen, P.J.                          _____
CONCUR.                                                      JUDGE

                                                            _____
                                                                JUDGE